214 P.3d 881 (2009)
2009 UT App 182
STATE of Utah, in the interest of B.T. and J.T., persons under eighteen years of age.
M.T., Appellant,
v.
State of Utah, Appellee.
No. 20080931-CA.
Court of Appeals of Utah.
July 2, 2009.
Colleen K. Coebergh, Salt Lake City, for Appellant.
Mark L. Shurtleff, Atty. Gen., John M. Peterson, Asst. Atty. Gen., Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before Judges GREENWOOD, THORNE, and McHUGH.

OPINION
McHUGH, Judge:
¶ 1 M.T. (Father) appeals from the juvenile court's adjudication order finding that he neglected his children by failing to exercise proper parental care. See generally Utah Code Ann. § 78A-6-105(25)(a)(ii) (2008) (defining neglect to include failure to provide proper parental care). We reverse and remand.

BACKGROUND
¶ 2 Father is the single adoptive parent of two boys, J.T., born in 1995, and B.T., born in 1998 (collectively, the Children). On July 11, 2008, Father was arrested on two counts of lewdness with a child and dealing in materials harmful to a minor. Following Father's arrest, the district court issued an order that prevented Father from having contact with the Children.
¶ 3 Father was released from jail three days after his arrest. Upon Father's release, the Division of Child and Family Services (DCFS) removed B.T. from Father's home pursuant to a warrant and placed him in protective custody.[1] On July 17, 2008, the State filed a Verified Petition requesting that the juvenile court make a finding of abuse or neglect and order that DCFS retain custody of the Children. The juvenile court then *882 appointed a Guardian ad Litem (the GAL) to represent the interests of the Children.
¶ 4 On October 1, 2008, the juvenile court adjudicated the State's petition. At the hearing the parties stipulated, in pertinent part, to the fact of Father's arrest and that "[Father] ... admitted to being naked in his home in front of his adopted children, [as well as] a friend of his son, B[.T.,] and a former foster child. His own children indicated that it does not make them feel uncomfortable."[2] The State amended its petition to reflect the stipulated facts. The parties then submitted the petition for consideration solely on the stipulated facts. Based only on those stipulated facts, the trial court concluded that the Children were "neglected children... in that they lack[ed] proper parental care by reason of the fault or habits of... [F]ather." See id. This appeal followed.

ISSUE AND STANDARD OF REVIEW
¶ 5 On appeal, Father argues that the stipulated facts do not support the juvenile court's conclusion that the Children were neglected under Utah Code section 78A-6-105(25)(a)(ii), see id. "In the juvenile court, neglect must be established by clear and convincing evidence." In re N.K.C., 1999 UT App 345, ¶ 7, 995 P.2d 1 (citing Utah R. Juv. P. 41(b)). "Given that the facts were stipulated, we review the conclusions drawn by the juvenile court for correctness." Id.

ANALYSIS
¶ 6 A finding of neglect is proper where there is evidence of a "lack of proper parental care of a child by reason of the fault or habits of the parent, guardian, or custodian." Utah Code Ann. § 78A-6-105(25)(a)(ii) (2008). Father argues that appearing naked in his home in the presence of his sons and other minors does not support the juvenile court's determination that the Children were neglected. On appeal, the State concedes that the stipulated facts are insufficient to support the juvenile court's finding of neglect. The GAL disagrees and asks us to affirm the juvenile court's order.
¶ 7 At the adjudication hearing the juvenile court reasoned, "I don't think it's proper parental care to walk around naked in front of your children's friends and other kids that aren't in the household." The court further speculated,
I venture to guess ... that if [information regarding Father's nudity] had been disclosed prior to [Father] being approved to adopt children, I doubt if he would have been approved. And I don't think that's proper parental care....
....
And I doubt very much that any parent in this courtroom would send their kids to visit somebody's home if they knew that an adult male was walking around naked.
When Father's counsel asked for clarification on the issue, the court summarily concluded, "I'm finding that [the C]hildren lack ... proper parental care."
¶ 8 Under the stipulated facts there was no context given for Father's nudity, nor was there any indication that the nudity was sexual in nature. Furthermore, there was no admission by Father that he habitually walked around his home in the nude or in front of the Children and their friends. Given the very limited stipulation that Father was nude, that his sons and two other male minors observed him in the nude, and that at least his own children were not bothered by Father's nudity, there is no basis for a finding of neglect under the language of the statute.
¶ 9 The GAL, on appeal, contends that even under the stipulated facts, a finding of neglect should be upheld if it is based on the reasonable inferences of an experienced juvenile court judge.[3] Where the parties have stipulated to certain facts, however, we deviate *883 from our typical deference to the experience of the juvenile court judge and review for correctness. See N.K.C., 1999 UT App 345, ¶ 7, 995 P.2d 1. Although we agree with the juvenile court and the GAL that Father's conduct is troubling given the criminal charges filed against him, the stipulated facts alone contain no explanation of the circumstances related to Father's arrest and simply do not support a finding of neglect.
¶ 10 Given the inadequacy of the findings to support a determination of neglect, the State urges us to remand for a finding of dependency, which requires no finding of parental fault. See Utah Code Ann. § 78A-6-105(11) (2008) (defining a dependent child as one "who is homeless or without proper care through no fault of the child's parent, guardian, or custodian"). Father agrees that an order of dependency is appropriate. Therefore, we reverse the order of neglect and remand for the entry of an adjudication order of dependency.[4]

CONCLUSION
¶ 11 The juvenile court erred by concluding on the basis of the stipulated facts that the Children were neglected because Father did not exercise proper parental care by reason of his fault or habits. Accordingly, we reverse and remand for the entry of an order of dependency.
¶ 12 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, WILLIAM A. THORNE JR., Associate Presiding Judge.
NOTES
[1] J.T. was already in State custody for behavioral issues at the time of Father's arrest.
[2] Although Father neither admitted nor denied this allegation, under rule 34(e) of the Utah Rules of Juvenile Procedure any allegation not denied is deemed true for purposes of the court's determination. See Utah R. Juv. P. 34(e).
[3] In support of this argument, the GAL points to Utah Code section 78A-6-117(1)(a), see Utah Code Ann. § 78A-6-117(1)(a) (2008) ("The [juvenile] court shall make a finding of the facts upon which it bases its jurisdiction over the minor. However, in cases within the provisions of Subsection 78A-6-103(1)[, giving the juvenile court exclusive original jurisdiction over certain matters], findings of fact are not necessary."), and to the Utah Supreme Court's recent decision, In re K.F., 2009 UT 4, 201 P.3d 985, applying that section. Unlike this case, however, in K.F., the mother had voluntarily placed her child in State custody and the stipulated facts were sufficient to support continued jurisdiction over the child, see Utah Code Ann. § 78A-6-117(1)(a); 2009 UT 4, ¶ 23, 201 P.3d 985. Thus, while the K.F. court acknowledged that no factual findings were necessary to establish the court's subject matter jurisdiction, see id. ¶ 22, it noted the voluntary relinquishment of custody and the stipulation in affirming the juvenile court's jurisdiction over the child, see id. ¶ 23.
[4] Father also contends that the juvenile court's finding of neglect constituted an infringement of his constitutional rights. However, Father failed to preserve his constitutional argument and has stated no grounds for our review of an issue not preserved, see generally Utah R.App. P. 24(a)(5) (stating that appellant must cite to preserved issue or state grounds for seeking review of an issue not preserved). Furthermore, because we conclude that the juvenile court erred in making a determination of neglect under the very limited facts contained in the stipulation, we need not reach Father's constitutional argument.